# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR VILLALON,<br><br>Defendant. | Case No. 2:21-cv-03726-ODW (MAA)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.      INTRODUCTION**

On April 30, 2021, Plaintiff Christopher Williams ("Plaintiff"), a federal inmate proceeding *pro se*, filed a Complaint alleging violations of his civil rights. (Compl., ECF No. 1.)  On June 11, 2021, the Court granted Plaintiff's Request to Proceed Without Prepayment of Filing Fees.  (ECF Nos. 2, 6.)

The Court has screened the Complaint as prescribed by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).  For the reasons stated below, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.  Plaintiff is **ORDERED** to, no later than July 22, 2021, either: (1) file a First Amended Complaint ("FAC"), or (2) advise the Court that Plaintiff does not intend to pursue this lawsuit further and will not file a FAC.

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS[1]

The Complaint is filed against Dr. Salvador Villalon, a doctor at Desert Valley Hospital, in his official capacity. (Compl. 3.)[2]

On an unspecified date, Plaintiff arrived at Desert Valley Hospital "for the cause of possible overdose." (*Id*. at 5.) Upon arrival, Plaintiff told medical staff that his right shoulder was dislocated and he was in "serious pain." (*Id*.) Plaintiff was asked "pain where?" (*Id*.) Plaintiff stated that the pain in his right shoulder was severe, but that he was in pain "all over from head to feet[:] face[,] upperbody/ chest[,] ribs[,] and legs, everywhere. I think I fell down some stairs." (*Id*.)

Plaintiff was given pain medication that did little to relieve the pain. (*Id*.) Bloodwork was taken from Plaintiff and he was admitted into the hospital. (*Id*.) Once seen by the "PA" (presumably, this refers to a physician's assistant), Plaintiff complained of pain, mainly in the right shoulder and lower legs. (*Id*.) Plaintiff remembers telling the nurses that his pain level was never below seven out of ten, with serious pain from walking. (*Id*. at 7.) X-rays were taken of Plaintiff's shoulder but not his legs. (*Id*. at 5.)

When Plaintiff was seen by Dr. Villalon for pain in the right shoulder and lower legs, Dr. Villalon said that there was no major damage to his shoulder, that it would heal on its own, and that Plaintiff just needed to walk around and exercise his legs to make the swelling go down. (*Id*. at 5–6.) But Plaintiff could not make it to the bathroom—which was six feet away—without experiencing severe pain, let alone walk around in shackles. (*Id*. at 6.) Plaintiff asserts that Dr. Villalon's judgment was "egregious," and that telling a patient to "walk around" on a broken leg was "grossly incompetent." (*Id*. at 7.) Plaintiff argues that a reasonable doctor

---

[1] The Court summarizes Plaintiff's allegations and claims in the Complaint, without opining on their veracity or merit.

[2] Citations to pages in docketed documents reference those generated by CM/ECF.

would deem a patient with numerous injuries (busted left eyebrow glued shut before arrival, dislocated shoulder, bruises, wounds, and swollen hands and legs) worthy of treatment. (*Id.*)

Plaintiff was released from Desert Valley Hospital and returned to prison. (*Id.* at 6.) Plaintiff immediately signed up for "sick call," and—after several days of trying—was finally seen. (*Id.*) Plaintiff believes that the medical advice of Dr. Villalon led him to continue going up and down stairs and climb (while in pain) on his top bunk. (*Id.* at 7.) By the time he was finally seen at "sick call," Plaintiff's left leg was badly swollen from continually walking on it and being assigned a top bunk. (*Id.* at 6.) X-rays were taken and it was discovered that Plaintiff's left fibula was broken. (*Id.*) Plaintiff has continued to have pain in his leg and shoulder, and may require surgery. (*Id.*)

Plaintiff claims that he suffered medical malpractice, which he asserts is an Eighth Amendment violation with deliberate indifference. (*Id.* at 5.) Plaintiff alleges that he was discharged without having his serious medical need treated, and that he is entitled to adequate medical care and to have his serious medical need diagnosed and treated. (*Id.*) Plaintiff seeks monetary compensation of $150,000. (*Id.* at 10.)

### III. LEGAL STANDARD

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (28 U.S.C. § 1915A), or in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § Section 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)). To survive a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although "detailed factual allegations" are not required, "an unadorned, the-defendant-unlawfully-harmed-me accusation"; "labels and conclusions"; "naked assertion[s] devoid of further factual enhancement"; and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to defeat a motion to dismiss. *Id*. (quotations omitted). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

In reviewing a Rule 12(b)(6) motion to dismiss, courts will accept factual allegations as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm*, 680 F.3d at 1121. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint

4

survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). However, the liberal pleading standard "applies only to a plaintiff's factual allegations." *Neitzke v. Williams,* 490 U.S. 319, 330 n.9 (1989), *superseded by statute on other grounds*, 28 U.S.C. § 1915. Courts will not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003). In giving liberal interpretations to complaints, courts "may not supply essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

## IV. DISCUSSION

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1977) allows plaintiffs to hold federal officers individually liable for constitutional violations. *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011). To state a *Bivens* claim, a plaintiff must allege that a defendant, while acting under color of federal law, deprived the plaintiff of a federal constitutional right. *See Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003). Here, the Complaint asserts a single claim for Eighth Amendment deliberate indifference to serious medical needs against Dr. Villalon in his official capacity. The Complaint fails to state a claim for which relief may be granted for the following reasons.

### A. Plaintiff Cannot State a Federal Civil Rights Claim Against Dr. Villalon.

The only defendant named in the Complaint is Dr. Villalon, in his official capacity. (Compl. 3.) An official capacity suit amounts to a suit against Dr. Villalon's employer, Desert Valley Hospital. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to

be treated as a suit against the entity."). There are no allegations in the Complaint to suggest that Desert Valley Hospital is operated by the federal government. (*See generally* Compl.) Indeed, another case within this District Court found that Desert Valley Hospital is privately-run. *See Ramiscal v. Bur. of Prisons*, No. CV 14-8489-ODW (RNB), 2015 U.S. Dist. LEXIS 90017, at *11 (C.D. Cal. June 1, 2015) ("Desert Valley Hospital . . . is a privately run facility."). If Desert Valley Hospital is a private entity, a *Bivens* claim could not be asserted against it. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001) (holding that a *Bivens* action may not be brought against a private corporation operating under a federal contract). Even if Desert Valley Hospital was operated by the federal government—and there are no allegations to indicate that it is—then it would not be a proper *Bivens* defendant. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (declining to extend *Bivens* to permit suit against a federal agency because the purpose of *Bivens* is to deter the officer, not the agency).

Even if Plaintiff were to file an amended pleading to assert claims against Dr. Villalon in his individual capacity, *Bivens* cannot be expanded to a privately-employed doctor working at a privately-operated hospital. *See Minneci v. Pollard*, 565 U.S. 118, 120 (2012) (declining to extend *Bivens* remedy to Eighth Amendment violations by employees of a privately-operated federal prison); *Ramiscal*, 2015 U.S. Dist. LEXIS 90017, at *11–12 (holding that *Bivens* claims could not be brought against doctor defendant employed by Desert Valley Hospital, a privately-fun facility). The Supreme Court has observed that this type of conduct—that is, deprivation of adequate medical care—typically falls within the scope of state tort law, and that California tort law provides an adequate, alternative remedy. *Minneci*, 565 U.S. at 126–31. Thus, if Desert Valley Hospital is privately-operated—and the Complaint does not contain any allegations from which it reasonably could be inferred that it is not—*Bivens* claims cannot be asserted against Dr. Villalon, or any other Desert Valley Hospital employee.

Accordingly, Plaintiff fails to state a federal civil rights claim against Dr. Villalon, either in his official or individual capacities. If Plaintiff includes Dr. Villalon as a defendant in any amended complaint, Dr. Villalon will be subject to dismissal.

**B.    The Complaint Fails to State an Eighth Amendment Claim.**

Even if the Complaint had named a proper defendant—and it does not do so—the allegations do not state an Eighth Amendment violation.

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976)). "To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle*, 429 U.S. at 104). A plaintiff must allege sufficient facts to satisfy a two-prong test: (1) an objective standard—the existence of a serious medical need; and (2) a subjective standard—deliberate indifference. *See id*.

   1. <u>Objective Prong</u>

A "serious medical need" exists if "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett*, 439 F.3d at 1096 (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). Neither result is the type of "routine discomfort [that] is 'part of the penalty that criminal offenders pay for their offenses against society.'" *McGuckin*, 974 F.2d at 1059 (alteration in original) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "The existence of an injury that a

7

reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059–60.

Plaintiff alleges that he fell down some stairs, that he dislocated his shoulder, that he had pain all over his body but primarily in his right shoulder and his lower legs, that he could not walk to the bathroom (a distance of six feet) without severe pain, that subsequent X-rays revealed that he had broken his left fibula, and that he continues to experience pain his leg and shoulder. (Compl. 5–6.) These allegations plead injuries that a reasonable doctor likely would think are worthy of treatment, and are sufficient to state a serious medical need. *See, e.g., Lambert v. Soto*, No. 10cv1976-AJB (BLM), 2012 U.S. Dist. LEXIS 166624, at *15–17 (S.D. Cal. Sept. 12, 2012) (concluding that allegations of difficulty breathing, inability to bear weight on a knee, and dislocated shoulder plausibly alleged a serious injury or illness).

2. Subjective Prong

The subjective "deliberate indifference" prong "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin*, 974 F.2d at 1059. However, deliberate indifference is met only if the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 834. The defendant "must

purposefully ignore or fail to respond to the plaintiff's pain or possible medical need for deliberate indifference to be established." *See McGuckin*, 974 F.2d at 1060.

Plaintiff alleges that he arrived at Desert Valley Hospital for treatment of a possible overdose. (Compl. 5.) Upon his arrival, Plaintiff told medical staff that his right shoulder was dislocated, that he was in serious pain, that he had pain all over his body, and that he had fallen down some stairs. (*Id*.) Plaintiff was given pain medication that did not relieve his pain, bloodwork was taken from him, he was admitted into the hospital, and X-rays were taken of his shoulder but not his legs. (*Id*.) Plaintiff was seen by Dr. Villalon, who told Plaintiff that there was no major damage to his shoulder and it would heal on its own, and that Plaintiff just needed to walk around and exercise his legs to make the swelling go down. (*Id*. at 5–6.) Plaintiff was released from Desert Valley Hospital and returned to prison, where an X-ray revealed that Plaintiff's left fibula was broken. (*Id*.)

The allegations in the Complaint are not sufficient to satisfy the subjective prong of "deliberate indifference." "[A]n inadvertent failure to provide adequate medical care," "negligence in diagnosing or treating a medical condition," medical malpractice, or a decision not order a particular form of treatment do not violate the Eighth Amendment. *Estelle*, 429 U.S. at 105–08. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). To the extent Plaintiff is dissatisfied with the level of care he received, the proper claims should be negligence or malpractice asserted in state court, not a claim in federal court for Eighth Amendment deliberate indifference. *See Estelle*, 429 U.S. at 107–08.

Furthermore, "[a] difference of opinion between a prisoner-patient and prison medical authorities does not give rise to a [civil rights] claim." *Franklin v. Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). Indeed, "'a difference of medical opinion' as to the need to pursue one course of treatment over another [is]

insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (quoting *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi v. Chung*, 391F.3d 1051, 1058 (9th Cir. 2004) (alteration in original) (quoting *Jackson*, 90 F.3d at 332).

The Complaint does not allege sufficient facts to show that Dr. Villalon's examination of Plaintiff and resulting conclusions—that there was no major damage to Plaintiff's shoulder, that it would heal on its own, and that Plaintiff just needed to walk around and exercise his legs to make the swelling go down (Compl. 5–6)—was medically unacceptable under the circumstances or in conscious disregard of an excessive risk to Plaintiff's health. "A medical decision not to order [a form of treatment] does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107. Courts within the Ninth Circuit have found that a medical provider's determination, after an examination, that no further treatment is necessary does not state a claim for deliberate indifference. *See, e.g., Acasio v. San Mateo County*, No. 14-cv-04689-JSC, 2015 U.S. Dist. LEXIS 126973, at *25–26 (N.D. Cal. Sept. 22, 2015) (concluding that complaint did not allege deliberate indifference where, in response to plaintiff's requests to go to hospital because she was suffering from mental health issues and resulting physical symptoms, the nurse checked plaintiff's blood pressure but did not provide any medication or refer her to a doctor); *Rimer v. Neven*, No. 2:14-cv-00889-RFB-CWH, 2017 U.S. Dist. LEXIS 154931, at*11 (D. Nev. Sept. 21, 2017) ("The undisputed evidence shows that Dr. Aranas did examine Plaintiff, and conduct [sic] a test of Plaintiff's blood pressure, in response to the complaints about ringing in his ear. Dr. Aranas determined that no treatment was necessary. This does not amount to deliberate medical indifference under the

Eighth Amendment and Section 1983."); *Guille v. Sweeney*, No. CV 14-51-H-DLC-JT J, 2015 U.S. Dist. LEXIS 16793, at *2 (D. Mont. Feb. 11, 2015) ("Medical personnel met with [plaintiff] and determined that no treatment was necessary at the time. [Plaintiff's] differing opinion does not give rise to a section 1983 claim."). "At most," the decision not to order a form of treatment "is medical malpractice, and as such the proper forum is the state court," not a civil rights claim in federal court. See *Estelle*, 429 U.S. at 107–08.

For these reasons, Plaintiff's Eighth Amendment deliberate indifference claim fails. If Plaintiff files an amended complaint with an Eighth Amendment deliberate indifference claim, he must correct these deficiencies or risk its dismissal.

## V. CONCLUSION

For the reasons stated above, the Court **DISMISSES** the Complaint **WITH LEAVE TO AMEND**. Though doubtful that the deficiencies of the Complaint can be cured, Plaintiff may have an opportunity to amend the Complaint in light of his *pro se* prisoner status. Plaintiff is **ORDERED** to, no later than July 22, 2021, either: (1) file a First Amended Complaint ("FAC"), or (2) advise the Court that Plaintiff no longer intends to pursue this lawsuit and will not file a FAC.

The FAC must cure the pleading defects discussed above and shall be complete in itself without reference to the Complaint. See L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims in the FAC again. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Rule 8, all that is required is a "short and plain statement of the claim showing that

the pleader is entitled to relief." **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court cautions Plaintiff that failure to timely file a FAC will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Plaintiff is not required to file an amended complaint, especially since a complaint dismissed for failure to state a claim without leave to amend may count as a "strike" for purposes of the *in forma pauperis* statute, 28 U.S.C. § 1915(g).[3] Instead, Plaintiff may request voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a) using the attached Notice of Voluntary Dismissal form.

Plaintiff is advised that the undersigned Magistrate Judge's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual

---

[3] Inmates who have accumulated three of more "strikes" are not permitted to bring a civil lawsuit or appeal a judgment in a civil action *in forma pauperis*—that is, without prepayment of the filing fee—unless the inmate is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Instead, inmates with three or more "strikes" generally must pay their full filing fee upfront in order to file a civil lawsuit or appeal a civil judgment.

12

matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned Magistrate Judge previously found to be insufficient, then, pursuant to 28 U.S.C. § 636, the undersigned Magistrate Judge ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

      IT IS SO ORDERED.

DATED: June 22, 2021

                                        MARIA A. AUDERO
                            UNITED STATES MAGISTRATE JUDGE

<u>Attachments</u>

Form Civil Rights Complaint (CV-66)

Form Notice of Dismissal